Sally Bauer

Sally Bauer
18 Wendall Avenue
Buffalo, New York

Pro Se Litigant

FILED
Clerk
District Court

MAR 11 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| IN THE MATTER OF THE ESTATE ) | Civil Action No. 08--------0011 |
| ) | |
| OF LARRY LEE HILLBLOM ) | CERTIFICATE VERIFYING |
| ) | PROMPT FILING, WITH |
| ) | CNMI COURT CLERK, OF |
| ) | NOTICE OF REMOVAL, |
| _____) | |

I, DAVID MILAM, a U.S. citizen over the age of eighteen years, hereby verify and confirm that on **19 February 2008**, I personally hand-delivered to this court and caused to be filed the Notice Of Removal by which this proceeding was initiated; and, thereafter on **19 February 2008**, I personally hand-delivered to the CNMI Superior Court and to the CNMI Supreme Court copies of the Notice Of Removal---which copies bore this court's file-stamp dated **19 February 2008**---for filing of those copies on **19 February 2008** with the respective clerks of those CNMI courts as mandated by 28 U.S.C. §1641(d).

Dated: this _11TH_ day of March 2008.

_____
David Milam

ATTCHED: CV-08 0011
WITH Superior Cort Stamp
DATED 2/19/08
09:05A

Page 1

Sally Bauer
18 Wendall Avenue
Buffalo, New York

Pro Se Litigant

COPY of
Original Filed
on this date

FEB 11 9 2008

Clerk
District Court
For The Northern Mariana Islands

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| IN THE MATTER OF THE ESTATE ) | Civil Action No. 08- __CV 08    0011__ |
| ) | |
| OF LARRY LEE HILLBLOM ) | NOTICE OF REMOVAL OF CNMI |
| ) | SUPERIOR COURT CIVIL |
| ) | ACTION NO. 95-626 RE. |
| ) | ORDER FILED JANUARY 17, |
| ) | 2008 |

    Litigant Sally Bauer, pro se, hereby gives notice of removal, to the U.S. District Court for the Northern Mariana Islands ("U.S. Court"), from the Superior Court of the Commonwealth of the Northern Mariana Islands ("Superior Court"), of the above-captioned probate proceeding, which removal arises in light of the Superior Court's order, dated and filed January 17, 2008, which order though perhaps received by Litigant's former counsel Antonia M. Atalig on or about January 17, 2008, was not received by Litigant until on or about January 31, 2008.

    Litigant's removal is premised on the contention that Litigant's former and recently discharged counsel, in the Superior Court proceeding, may have mischaracterized Litigant as a Petitioner rather than designating Litigant more appropriately otherwise.

    Litigant's removal additionally recognizes that, by effect of the above-described January 17, 2008 order, there could first be ascertained that the case is one which has become removable---pursuant to relevant federal law including but not limited to 28 U.S.C. §1446 generally, including 28 U.S.C. §1446(b), as well as other considerations such as those addressed in Marshall v. Marshall, 547 U.S. _____ (2005) the so-called "Anna Nicole Smith" U.S. Supreme Court opinion authored by Justice Ginsburg, joined by Chief Justice Robert, and Justices Kennedy, Scalia, Souter, Thomas, Breyer, and Alito, with Justice Stevens' concurring while separately opining that the so-called "probate exception" as to removal of probate cases may be a bad idea in stating "I would provide the creature with a decent burial"---on or about the January 17, 2008 filing date, though Litigant remains uncertain as to the date her former counsel received this order, as neither the order nor notice of the order were then expeditiously received by Litigant.

    This removeability derives, in turn, from the recognition that the January 17, 2008 order impinges upon questions of federal constitutional, statutory, and common law, and negatively affects and/or would appear to effectively infringe upon and violate federally protected and protectable rights including but not limited to the rights of Litigant personally and in her capacity as guardian to her two children, Elizabeth Bauer and Christopher Bauer---both Hillblom heir claimants---as to:

(1) property and financial rights over assets;

(2) equal protection/due process rights respecting access to Federal Courts, which access was available to all prior estate litigants by way of appeal from the CNMI Judiciary to the U.S. Ninth Circuit Court of Appeals, but is not now available to Litigant;

(3) equal protection/due process rights respecting the right to file a direct action versus insurers within the CNMI (including but not limited to American International Specialty Lines Insurance Company, and/or J&H/Marsh & McLennan, Inc. under a policy by which insureds reportedly include the Larry L. Hillblom Charitable Trust, The Larry L. Hillblom Foundation, and the four persons determined to be genetically proven biological children of Decedent Larry Lee Hillblom), which direct action right was available to all prior estate litigants by way of CNMI law, which law was then modified following initiation of Litigant's motion denied by the January 17, 2008 order, and which direct action right those opposing Litigant's claims have maintained no longer exist; and,

(4) related legal and equitable considerations, including but not limited to those addressed in Marshall, its progeny, and other Federal court decisions.
See, e.g., 28 U.S.C. §§1441(b), (c), (f).

Litigant's severe economic hardships, related difficulties as a single-parent raising two children, and overwhelmingly financed adversaries keenly familiar with the complexities and nuances of legal matters unfamiliar to Litigant, have together significantly hampered Litigant's ability in the past to retain preferred counsel of choice and, quite often, have mandated that Litigant act in pro se capacity for herself and her children fathered by Hillblom, with whom Litigant became first involved when Litigant was only 15 years old.

Given this scenario, Litigant has made extensive attempts over the past few years to retain several attorneys, including recent successes over the past week in communicating with attorneys Bruce L. Jorgensen and, through him, Michael D. Welch, both of whom previously have been involved with Hillblom litigation in the Federal Court context. In this regard, Mr. Jorgensen has tentatively agreed to provide representation to Litigant in Federal and/or State court proceedings, but has expressly refused to provide representation or legal services whatsoever, in or before the CNMI Judiciary, with Mr. Jorgensen and Mr. Welch presently considering a co-counsel relationship as to Federal/State court representation.

Litigant meanwhile, has compiled documents, records, litigation materials, and related items, for delivery to and review by Mr. Jorgensen and/or others, which have not yet been received by them and, once received, will require time for them to review and assess respecting Litigant's claims generally, and this removal particularly, with Mr. Jorgensen indicating that adequate review/briefing/filing as to removal-related issues will encompass at minimum a period of two to three weeks of legal services, during which time Litigant requests that this matter remain with this court in lieu of any prospective remand.

Dated: Buffalo, New York, this 16th day of February 2008.

Sally Bauer, Pro Se Litigant
Personally and on behalf of her
children Elizabeth Bauer and
Christopher Bauer

Feb 16, 2008